UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-21588 - CIV- GRAHAM

GLENDALE OWENS,

     Plaintiff,

v.

SAMKLE AUTOMOTIVE INCORPORATED,
a Florida corporation, doing business as "Marlin
Mazda",

     Defendant.

_____/

### AMENDED COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Glendale Owens, an individual ("Ms. Owens"), sues Defendant, Samkle

Automotive Incorporated, a Florida corporation, doing business as "Marlin Mazda"

("Dealership" or "Marlin Mazda"), and alleges:

### GENERAL ALLEGATIONS

#### *Synopsis of Claims*

1.     As detailed below, the Dealership fraudulently sold a wrecked vehicle which was

previously used as a rental car without disclosing its prior use as required under Florida law by

concealing the title from Plaintiff at the time of the purchase of the Vehicle. In particular, the

Dealership violated the requirements of the Federal Motor Vehicle Information and Cost Savings

Act, 44 U.S.C. §32701, by not providing consumer disclosures on the vehicle title as mandated

by Congress.

2.     The fraudulent acts of the Dealership also give rise to pendant claims for violation



-1-

of the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes §501.201, *et sequi*, and for fraud and misrepresentation.

### *Jurisdiction*

3.      This Court has jurisdiction under the Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §32710 and 28 U.S.C. §§1331 and 1337, and has supplemental jurisdiction over state claims under 28 U.S.C. §1367.

### *Allegations as to Parties*

4.      At all times material hereto, Ms. Owens was *sui juris* and a resident of Broward County, Florida. Ms. Owens is a "transferee" as said term is defined under 49 C.F.R. §580.3.

5.      At all times material hereto, the Dealership was licensed by the State of Florida as a dealer conducting new and used automobile sales in Miami-Dade County, Florida.

6.      At all times material hereto, the Dealership was a "dealer" as said term is defined under 49 U.S.C. §32702(2) and a "transferor"as said term is defined under 49 C.F.R. §590.3.

### *Factual Allegations*

7.      On or about January 30, 2003, Ms. Owens went to the Dealership to purview used automobiles for the intent of purchasing a vehicle for the personal household use of her family.

8.      At the aforementioned time, Ms. Owens selected a used 2002 Mazda 626 automobile, VIN: 1YVGE22C5S3694800 ("Vehicle").

9.      Prior to the selection of the Vehicle, Ms. Owens advised the Dealership that her daughter, Tynisha Owens, required a car for reliable transportation for the purpose of work, shopping, transporting her children, and other personal uses.

10.     At the time of the selection of the Vehicle by Ms. Owens, the Dealership, through

its agents, employees and/or representatives acting within the scope of their authority on behalf of the Dealership, falsely represented to Ms. Owens that the Vehicle was in "excellent" condition and was suitable for the needs of the daughter of Ms. Owens, when in fact the Dealership knew or had reason to know that the Vehicle was not reliable transportation, was previously used in a rental fleet, had been wrecked, and had significant defects as more fully described below.

11.     In an effort to attract consumers such as Ms. Owens to purchase the Vehicle, the Dealership had placed a rear-mirror tag which designated the Vehicle as a "Mazda Certified Pre-Owned Vehicle" ("Window Tag").  A true and correct copy of the "Window Tag" is attached hereto and incorporated for reference as Exhibit "A".

12.     The Window Tag that was placed in the Vehicle represented that the Vehicle had passed and was enrolled in the "Mazda Certified Pre-Owned Vehicle Program" ("Certification Program").

13.     Pursuant to the Certification Program, Mazda dealerships are required to reserve designation for "certified vehicles" for vehicles which have passed a comprehensive 100 point vehicle inspection.

14.     By information and belief, at the time of the purchase of the Vehicle by Ms. Owens, the Vehicle had not been inspected pursuant to the requirements of the Certification Program.

15.     At the time of the purchase of the Vehicle, the Vehicle had been previously titled in the name of the Hertz Corporation ("Hertz") and had been used in a rental car fleet under short term leases since the acquisition of the Vehicle by Hertz.

16.     Contrary to the requirements of Florida Statute §319.14, the Dealership knowingly

-3-

and intentionally failed to disclose the prior use of the Vehicle as a rental car at any time prior to its sale to Ms. Owens.

17.     Based on the representations and the non-disclosures of the Dealership, Ms. Owens agreed to purchase the Vehicle.  In furtherance of her purchase, Ms. Owens executed and delivered to the Dealership a "Retail Order Contract" ("Retail Buyer's Order").

18.     Ms. Owens was not provided with a copy of the Retail Buyer's Order by the Dealership at the time of her purchase of the Vehicle.

19.     Subsequent to the execution of the Retail Buyer's Order, Ms. Owens was presented with and executed a Retail Installment Contract ("RISC") for the purpose of financing the purchase of the Vehicle.

20.     A true and correct copy of the RISC is attached hereto and incorporated by reference as Exhibit "B".

21.     Several months after the purchase of the Vehicle, Ms. Owens learned that the Vehicle had been used in a rental fleet and had been in a severe accident with significant damage prior to its purchase by Ms. Owens.

22.     At no time did the Dealership disclose to Ms. Owens that the Vehicle had been used as a rental car, had not been properly inspected and had been in a prior accident.

23.     If the Dealership had disclosed to Ms. Owens that the Vehicle had been previously used as a rental car, had not been properly inspected, and had been in a prior accident, Ms. Owens would not have agreed to purchase the Vehicle.

-4-

## COUNT I - ACTION FOR VIOLATION OF THE
## FEDERAL MOTOR VEHICLE INFORMATION AND COST SAVINGS ACT

24.     This is an action for violation of the Motor Vehicle Information and Cost Savings

Act, 49 U.S.C. §32701, *et sequi* (hereinafter the "Act"), exclusive of interest, costs and attorneys

fees.

25.     Ms. Owens reaffirms and realleges the allegations contained in Paragraphs 1

through 23 above as if set forth hereat in full.

26.     At all times material hereto, Ms. Owens was a "transferee" as said term is defined

49 C.F.R. §580.30.

27.     At all times material, the Dealership was a "dealer" as said term is defined under

49 U.S.C. §32702(2) and a "transferor" as defined by 49 C.F.R. §580.30.

28.     At all times material hereto, the Vehicle was a "motor vehicle" as said term is

defined under 49 U.S.C. §32101(7).

29.     The Dealership failed to provide Ms. Owens with the actual title certificate, for

her examination and signature, as required by 49 U.S.C. §32705 and 49 C.F.R. §580.5.

30.     A true and correct copy of the title certificate is attached hereto as Exhibit "C."

31.     The title certificate for the Vehicle clearly designated the Vehicle as a leased

vehicle and that the Vehicle had been owned by Hertz.

32.     By not producing the actual title certificate, the Dealership was able to hide from

Ms. Owens the facts related to the prior ownership of the Vehicle as well as the fact that the

Vehicle was previously used as a short-term lease vehicle.

33.     Instead of complying with the requirements of the Act, the Dealership required

-5-

Ms. Owens to sign a power of attorney, an odometer disclosure statement, a motor vehicle dealer

title reassignment supplement, and an application for certificate of title (hereinafter referred to

collectively as the "Transfer Forms") which did not disclose the designation of the Vehicle as a

rental car and the prior ownership by Hertz. Through this tactic, the Dealership was able to affix

the name of Ms. Owens to the title certificate and avoid disclosing the prior history of the

Vehicle.

34.     True and correct copies of the Transfer Forms with respect to the Vehicle are

attached hereto as Composite Exhibit "D."

35.     The power of attorney and other Transfer Forms were not the secured forms

issued by the State of Florida and did not contain the disclosures required by the Act.

36.     The Dealership designed and employed this tactic of requesting Ms. Owens to

sign a power of attorney and other Transfer Forms instead of the actual title certificate as

required under federal law with the specific intent of perpetuating a fraud and deception on Ms.

Owens of selling a previously wrecked rental car to Ms. Owens.

37.     The Dealership intentionally manipulated title procedures both to mislead Ms.

Owens and to serve its own ends, to-wit: the sale of a wrecked rental car.

38.     As an experienced motor vehicle dealer, the Dealership known or should have

known of the Act and its regulatory requirements regarding disclosures and deliberately and

recklessly disregarded what the law required.

39.     The Dealership deliberately deceived Ms. Owens through the oral and written

misrepresentations and non-disclosures referred to above.

40.     The Dealership has violated the Act in that the Dealership made a false statement

to a transferee in violation of 49 U.S.C. §32705(a) and 49 C.F.R. §580.4.

41.     The Dealership violated the Act with the specific intent to defraud.

42.     As a direct and proximate result of the violations of the Act, the Dealership and the Finance Company is liable to Ms. Owens in the sum of three times her actual damages or $1,500.00, whichever is greater.

43.     Ms. Owens has retained the undersigned counsel to represent her interest herein and is obligated to pay said counsel a reasonable fee for her services.

44.     Pursuant to 49 U.S.C. §32710(b), Ms. Owens is entitled to recover her reasonable attorneys fees and court costs upon entry of judgment in her favor.

WHEREFORE, Plaintiff, Glendale Owens, an individual, demands judgment in her favor against Defendant Samkle Automotive Incorporated, a Florida corporation, doing business as "Marlin Mazda", for damages, together with interest, court costs and attorneys fees pursuant to 49 U.S.C. §32710(b).

## COUNT II - ACTION FOR VIOLATION OF
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

45.     This is an action for violation of Florida Statute §501.201, *et sequi,* known more commonly as the "Florida Deceptive and Unfair Trade Practices Act" (the "DUTPA") brought herein pursuant to the doctrine of pendant jurisdiction.

46.     Ms. Owens realleges and reaffirms the allegations contained in Paragraphs 1 through 23 above as if set forth hereat in full.

47.     At all times material hereto, Ms. Owens was an "interested party or person" as said term is defined under Florida Statutes §501.203(6).

-7-

48.     At all times material hereto, the Vehicle was previously used prior to the sale to Ms. Owens by the Dealership as a "short-term lease" vehicle, as said term is defined under Florida Statutes §319.14(1)(c)2a.

49.     At all times material hereto, the Vehicle was a "motor vehicle" and "used motor vehicle" as said terms are defined under Florida Statutes §320.01(1) and §319.001(11), respectively.

50.     By virtue of the acts described above, the Dealership was engaged in "trade or commerce" as said term is defined under Florida Statutes §501.203(8).

### *Violation of FTC Used Car Rule*

51.     Pursuant to 16 C.F.R. §455, entitled "the FTC Trade Regulation Rule on the Sale of Used Motor Vehicles," known more commonly as the "FTC Used Car Rule" ("FTC Used Car Rule"), franchises or independent used car dealers are required to post certain consumer disclosures when selling used vehicles.

52.     The FTC Used Car Rule requires, *inter alia*, that a dealer for each used car offered for sale display, prominently and conspicuously on the vehicle so that both sides are readily readable, a "Buyer's Guide," also known as a "window sticker" ("Buyer's Guide").

53.     At the time of the purchase of the Vehicle by Ms. Owens, the Vehicle did not have a Buyers Guide affixed to the Vehicle and Ms. Owens was not provided a copy of same at the time she consummated the purchase of the Vehicle.

54.     The violation of the FTC Used Car Rule by the Dealership is a <u>per se</u> violation of the DUTPA.

### *Violation of Florida Title Certificate Act*

55.     During the course of the sale and financing of the Vehicle, the Dealership violated the requirements of Florida Statutes Chapter 319, known more commonly as the "Florida Title Certificate Act", in the following respects:

A.     By knowingly selling, exchanging or transferring the vehicle without, prior to consummating the sale, exchange or transfer, disclosing in writing to Ms. Owens as a purchaser, customer or transferee, the fact that the Vehicle had previously been titled or used as a short term lease vehicle in violation of Florida Statutes §319.14(2); and

B.     By signing an odometer disclosure statement as both the transferor and the transferee for the same transaction in violation of Florida Statutes §319.225(5).

56.     The violation of the Florida Title Certificate Act is a _per se_ violation of the DUTPA under Florida Statutes §501.211(3)(c).

### _Violation of Florida Motor Vehicle License Act_

57.     During the course of the sale and financing of the Vehicle, the Dealership violated the requirements of Florida Statutes Chapter 320, known more commonly as the "Florida Motor Vehicle Licenses Act", in the following respects:

A.     By misrepresenting or making false, deceptive or misleading statements with regard to the sale of the Vehicle in violation of Florida Statutes §320.27(b)3;

B.     By failing to provide Ms. Owens as a customer or purchaser with an odometer disclosure statement and a copy of any bona fide written, executed, sales agreement or agreement of purchase connected with the purchase of Vehicle in violation of Florida Statutes §320.27(9)(b)4; and

C.     By perpetrating any fraud upon Ms. Owens in

-9-

connection with the sale of the Vehicle in violation
of Florida Statutes §320.27(9)(b)13.

58.     The violation of the Florida Motor Vehicle License Act is a _per se_ violation of the

DUTPA pursuant to Florida Statute 7501.211(3)(c).

59.     As a direct and proximate result of the violation of the DUTPA, Ms. Owens has

been damaged and is an aggrieved person under the DUTPA.

60.     As more particularly described above, the Dealership has engaged in unfair

methods of competition, unconscionable acts or practices, and unfair and deceptive acts or

practices in the conduct of trade or commerce in violation of Florida Statutes §501.204(1).

61.     Pursuant to Florida Statutes §501.211, Ms. Owens is entitled to obtain a

declaratory judgment that the acts and practices of the Dealership under the DUTPA and to

enjoin the Dealership from further violations of the DUTPA.

62.     It is in the interest of protection of consumers that the Dealership be prohibited

and proscribed from further violations of the DUTPA as described above.

63.     Ms. Owens has retained the undersigned law office to represent her interest herein

and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE,   Plaintiff, Glendale Owens, an individual, demands judgment against

Defendant, Samkle Automotive Incorporated, a Florida corporation, doing business as "Marlin

Mazda",  for:

A.     Declaratory relief against Defendant adjudicating that the actions of Defendant as

described above constitute a violation of the DUTPA;

B.     Injunctive relief against Defendant prohibiting Defendant from further violations

-10-

of the DUTPA as described above;

    C.      Damages in an amount to be determined at trial; and

    D.      Attorney's fees and court costs pursuant to Florida Statutes §501.2105.

## COUNT III - ACTION FOR FRAUD

    64.      This is an action for a claim for damages for common law fraud brought pursuant to the doctrine of pendent jurisdiction.

    65.      Ms. Owens realleges and reaffirms the allegations contained in Paragraphs 1 through 23 above as if set forth hereat in full.

    66.      As more particularly described above, the Dealership misrepresented material facts concerning the condition of the Vehicle.

    67.      The Dealership omitted material facts by failing to disclose that the Vehicle had been previously used as a rental car.

    68.      The Dealership knew that the representations above were false, or made such representations recklessly, when the Dealership had no reasonable grounds for believing those representations were true.

    69.      The Dealership knew that the omissions concerning the Vehicle were material and important.

    70.      The Dealership intended to deceive Ms. Owens and Ms. Owens relied upon the misrepresentations and omissions to her detriment.

    71.      As a direct and proximate result of the fraud and non-disclosures by the Dealership, Ms. Owens has been damaged.

    WHEREFORE, Plaintiff, Glendale Owens, an individual, demands judgment for damages

against Defendant, Samkle Automotive Incorporated, a Florida corporation, doing business as "Marlin Mazda", together with costs.

## COUNT IV - ACTION FOR NEGLIGENT MISREPRESENTATION

72.     This is an action for negligent misrepresentation brought pursuant to the doctrine of pendent jurisdiction.

73.     Ms. Owens realleges and reaffirms the allegations contained in Paragraphs 1 through 23 above as if set forth hereat in full.

74.     As more particularly described above, the Dealership misrepresented and failed to disclose material facts concerning the condition and history which were false.

75.     The Dealership believed the above statements to be true but which were in fact false.

76.     The Dealership was negligent in making the statements concerning the condition and history of the Vehicle and that the Dealership should have known the statements were false.

77.     The Dealership, in making the statements concerning the condition of the Vehicle, intended that Ms. Owens rely upon said statements.

78.     Ms. Owens justifiably relied on the false statements concerning the condition of the Vehicle at the time of her purchase of the Vehicle.

79.     As a direct and proximate result of the negligent misrepresentation by the Dealership, Ms. Owens has been damaged.

WHEREFORE, Plaintiff, Glendale Owens, an individual, demands judgment for damages against Defendant, Samkle Automotive Incorporated, a Florida corporation, doing business as "Marlin Mazda", together with interest.

-12-

## DEMAND FOR JURY TRIAL

Plaintiff, Glendale Owens, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660
(954) 763-8607 fax
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by regular US Mail on August ___, 2004, to Pete L. DeMahy, Esquire, DeMahy Labrador & Drake, P.A., 2333 Ponce de Leon Blvd., The Colonnade, Ste. 600, Coral Gables, FL 33134.

Attorney

-13-



EXHIBIT "A"

# ALL WARMED UP
# AND READY TO GO.





**EVERY MAZDA CERTIFIED PRE-OWNED VEHICLE COMES WITH:** ○ Comprehensive
12-month/12,000-mile Mazda Certified Pre-Owned Limited Warranty*
○ 24-hour Roadside Assistance ○ 100-point inspection

*See dealer for limited warranty details.

SIMPLE FINANCE CHARGE

| Buyer (and Co-Buyer) Name and Address (Including County and Zip Code) | Creditor - Seller (?) | Address |
|---|---|---|
| GLENDALE CIRUS 4530 SW 21 ST HOLLYWOOD FL 33023 | MARLIN HONDA 20700 N.W. 2ND AVE. MIAMI FL 33169 | |
| Buyer's Month of Birth: FEBRUARY | | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis at the Base Rate of $ 0.00 % per year. The Truth-in-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Weight (lbs.) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USDD | 2002 | HONDA 626 | | 1T70F220552333544 | ☑ personal, family, or household ☐ business ☐ agricultural |

Insurance. You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit. Your choice of insurance providers will not affect our decision to sell or extend credit to you.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $3000.00 |
|---|---|---|---|---|
| 5.95 % | $7491.56 | $16376.44 | $23868.00 | $15468.00 |

Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 397.80 | Monthly beginning 03/01/2003 |

Or As Follows:

Check the insurance you want and sign below:

**Optional Credit Insurance**

☐ Credit Life   ☐ Co-Buyer   ☐ Both
☐ Credit Disability (Buyer Only)
Premium:
Credit Life $ ............ N/A
Credit Disability $ ........ N/A
Insurance Company Name

Late Charge. If payment is not received in full within ___ % ___ days after it is due, you will pay a late charge of $ ____ % of the part of the payment that is late.

Prepayment. If you pay off all your note early, you may have to pay a penalty.

Security Interest. You are giving a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, prepayment penalties, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1 Cash Price (including $ 1000.54 sales tax) | | $15803.64 (1) |
| 2 Total Downpayment = | | |
| Trade-in 1999 MAZDA 626 | | |
| (Year) (Make) (Model) | | |
| Trade-in 1T70F220553369800 | | |
| Gross Trade-in Allowance | $1500.00 | |
| Less Pay Off Made By Seller | $1500.00 | |
| Equals Net Trade In | $ | |
| + Cash | $3000.00 | |
| + | $ | |
| (If total downpayment is negative, enter "0" and see 4I below) | $ 3000.00 | (2) |
| 3 Unpaid Balance of Cash Price (1 minus 2) | | $13803.64 (3) |
| 4 Other Charges Including Amounts Paid to Others on Your Behalf | | |
| (Seller may keep part of these amounts): | | |
| A Cost of Optional Credit Insurance Paid to Insurance | | |
| Company or Companies | | |
| Life | $ N/A | |
| Disability | $ N/A | |
| B Other Insurance Paid to the Insurance Company | $ N/A | |
| C Official Fees Paid to Government Agencies | $ N/A | |
| D Government Documentary Stamp Taxes | $ 57.40 | |
| E Other Taxes Not Included in Cash Price | $ 130.40 | |
| F Government License and/or Registration Fees | | |
| (Identify) | $ 225.00 | |
| G Government Certificate of Title Fees | $ N/A | |
| H Other Charges (Seller must identify who is paid and describe purpose) | | |
| to for Prior Credit or Lease Balance | $ N/A | |
| to for | $ 1000.00 | |
| to for | $ 450.00 | |
| to for | $ N/A | |
| Total Other Charges and Amounts Paid to Others on Your Behalf | $ 2572.80 (4) |
| 5 Loan Processing Fee Paid to Seller (Prepaid Finance Charge) | $ 576.44 (5) |
| 6 Amount Financed (3 plus 4) | $16376.44 (6) |
| Payment Schedule: 60 installments of $ 397.80 each, monthly beginning 03/01/2003 or as follows | |

OPTION: ☐ You pay no finance charge if the amount financed, item 6, is paid in full on or before ____ , ____ .   SELLER'S INITIALS ____

### NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others. Buyer (and any Co-Buyer) initials ____

See back for other important agreements.

NOTICE TO THE BUYER: a) Do not sign this contract before you read it or if it contains any blank spaces. b) You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.

You agree to the terms of this contract and confirm that you received a completely filled-in copy when you signed it.

Buyer Signs ____   Date ____   Co-Buyer Signs ____   Date ____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The co-buyer or other owner knows that the Creditor has a security interest in the vehicle and consents to the security interest.

Other owner signs here ____   Address ____
Seller signs here MARLIN HONDA   Date ____   By ____

Seller assigns its interest in this contract to ____ (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse   ☐ Assigned without recourse   ☐ Assigned with limited recourse
MARLIN HONDA   By ____   Title ____

FORM NO. 553-FL 9/95

CUSTOMER/TRUTH IN LENDING COPY

EXHIBIT "B"

OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS.**

a. How we will figure Finance Charge. We will treat any Prepaid Finance Charge as fully earned on the date of this contract. We will figure the rest of the finance charge on a daily basis at the Base Rate on the unpaid part of your Principal Balance. Your Principal Balance is the sum of the Amount Financed and the Prepaid Finance Charge, if any.

b. How we will apply payments. We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of your Principal Balance and to other amounts you owe under this contract in any order we choose.

c. How late payments or early payments change what you must pay. We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. You may prepay. You may prepay all or part of your Principal Balance at any time. If the contract is paid in full within six months after the date you sign it, we may impose an acquisition charge, not exceeding $25, for services performed on your behalf for processing this contract. If you prepay, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

e. You may ask for a payment extension. You may ask us for a deferral of the scheduled due date of all or any part of a payment (extension). If we agree to your request, we may charge you a $15 extension fee. You must maintain the physical damage insurance required by this contract (see below) during any extension. If you do not have this insurance, we may buy it and charge you for it as this contract says: You may extend the term of any optional insurance you bought with this contract to cover the extension if the insurance company or your insurance contract permits it; and you pay the charge for extending this insurance.

If you get a payment extension, you will pay additional finance charges at the Base Rate on the amount extended during the extension. You will also pay any additional insurance charges resulting from the extension, and the $15 extension fee if we charge you this fee.

**2. YOUR OTHER PROMISES TO US**

a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. Using the vehicle. You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. Security interest.
You give us a security interest in:
 • The vehicle and all parts or goods put on it;
 • All money or goods received (proceeds) for the vehicle;
 • All insurance or service contracts we finance for you; and
 • All proceeds from insurance or service contracts we finance for you. This includes any refunds of premiums.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.

d. Insurance you must have on the vehicle. You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge at the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. What happens to returned insurance or service contract charges. If we obtain a refund on insurance or service contracts, we will subtract the refund from what you owe.

**IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
 • You do not pay any payment on time;
 • You start a proceeding in bankruptcy or one is started against you or your property; or
 • You break any agreements in this contract.

The amount you will owe will be the unpaid part of your Principal Balance plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. You may have to pay collection costs. If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as permitted by law. This includes any attorneys' fees, we incur as a result of any bankruptcy proceeding brought by or against you under federal law.

d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. How you can get the vehicle back if we take it. If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

f. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle. We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. What we may do about optional insurance or service contracts. This contract may contain charges for optional insurance or service contracts. If we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe on repair the vehicle.

**4. WARRANTIES SELLER DISCLAIMS**
Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**5. Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**6. Optional Service Contracts.**
You are not required to buy a service contract to obtain credit. Your choice of service contract providers for any service contracts you buy will not affect our decision to sell or extend credit to you.

**7. Rejection or Revocation.**
If you are permitted under Florida's Uniform Commercial Code to reject or revoke acceptance of the vehicle and you claim a security interest in the vehicle because of this, you must either: (a) post a bond in the amount of the disputed balance; or (b) deposit all installment payments as they become due into the registry of a court of competent jurisdiction.

**8. Applicable Law.**
Federal law and the law of the state of the Seller's address shown on the front of this contract apply to this contract.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

# CERTIFICATE OF TITLE

SATISFACTORY PROOF OF OWNERSHIP HAVING BEEN SUBMITTED UNDER SECTION 319.23/328.03, FLORIDA STATUTES, TITLE TO THE MOTOR VEHICLE OR VESSEL DESCRIBED BELOW IS VESTED IN THE OWNER(S) NAMED HEREIN.
THIS OFFICIAL CERTIFICATE OF TITLE IS ISSUED FOR SAID MOTOR VEHICLE OR VESSEL

4001992

| Identification Number | Year | Make | Model | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|---|
| 1YVGF22C525283544 | 2002 | MAZD | | 4D | 2961 | | 85862993 |

| Prev State | Color | Primary Brand | Secondary Brand | No of Brands | Use | Prev Issue Date |
|---|---|---|---|---|---|---|
| NEW | WHI | | | | LEASE | |

| Odometer Status or Vessel Manufacturer | Hull Material | Prop | Date of Issue |
|---|---|---|---|
| 15 MILES 06/19/2002 ACTUAL | | | 06/26/2002 |

**Registered Owner**

THE HERTZ CORPORATION
520 N SEMORAN BLVD. SUITE 140
ORLANDO, FL  32807-3369

**1st Lienholder**
NONE

Lien Release
Interest in the above described vehicle is hereby released

By _____
Title _____ Date _____

396-5399

DIVISION OF MOTOR VEHICLES          TALLAHASSEE          FLORIDA          DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

*Carl A. Ford*
Carl A. Ford
Director

Control Number
3965399     15 /7     53781785

## 53781785

*Fred O. Dickinson*
Fred O. Dickinson, III
Executive Director

**TRANSFER OF TITLE BY SELLER**

ODOMETER CERTIFICATION-Federal and state law require that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment

This title is warranted and certified to be free from any liens except as noted on the face of this certificate and the motor vehicle or vessel described is hereby transferred to:

Purchaser: MAZDA NORTH AMERICAN OPERATIONS          Address: 7755 Irvine Center Drive
Irvine, CA 92623   11-21-2

I/We state that this ☐ 5 or ☐ 6 digit odometer now reads |_1_|_1_|_0_|_5_|_5_|_6_|_X_| (no tenths)   Selling Price: _____
miles, date read  1 121-0  and to the best of my knowledge
that it REFLECTS THE ACTUAL MILEAGE of the vehicle described herein,
unless one of the odometer statement blocks is checked.

CAUTION:
DO NOT CHECK
BOX IF ACTUAL
MILEAGE

☐ 1.  I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage IN EXCESS OF ITS MECHANICAL LIMITS.

☐ 2.  I hereby certify that the odometer reading IS NOT THE ACTUAL MILEAGE.
WARNING - ODOMETER DISCREPANCY

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

Signature of Purchaser: _____   Printed Name of Purchaser: A Pierre
Signature of Co-Purchaser: _____   Printed Name of Co-Purchaser: _____
Signature of Seller: _____   Printed Name of Seller: Nce Bro HERBBalwfa)
Signature of Co-Seller: _____   Printed Name of Co-Seller: _____

(When Applicable)   Selling Dealer License Number: _____   Tax No.: _____   Tax Collected: $ _____
Auction Name: _____   License Number: _____

## STATE OF FLORIDA

HSMV 82250 (REV 2/01)

# EXHIBIT  C

ODOMETER CERTIFICATION - Federal and state laws require that you state the mileage in connection with transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

**FIRST REASSIGNMENT BY LICENSED DEALER**

Selling Dealer's License No. M9003   Dealer's Name: MAZDA MOTORS OF AMERICA INC   7755 Irvine Center Drive

Selling Dealer's Address: Irvine, CA 92623   20709 NW 2 AVE MIA FL 33169

I/We warrant this title and certify that the vehicle described herein has been transferred on (date) 12CC02 to the following:

Name(s): _____   Address: _____ 2000

I/We state that this ☐ 5 or ☐ 6 digit odometer now reads 110,556 xx (no Tenths) miles, date read _____ and to the best of my knowledge that it **reflects the actual mileage** of the vehicle described herein, unless one of the odometer statement blocks is checked.

CAUTION: DO NOT CHECK BOX IF ACTUAL MILEAGE
☐ 1. I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage **in excess of its mechanical limits.**
☐ 2. I hereby certify that the odometer reading **is not the actual mileage.** WARNING - ODOMETER DISCREPANCY.

Signature of Purchaser: Y Milaus   Printed Name of Purchaser: Yisell Milaus   MARLIN MAZDA

Co-Purchaser: PIX   Co-Purchaser: PAM DIXON

Seller/Agent: _____   LMAA-VA-67191   License Number: _____

Auction Name (When Applicable): _____

**SECOND REASSIGNMENT BY LICENSED DEALER**

Selling Dealer's License No. _____   Dealer's Name _____   Tax No. _____   Tax Collected _____

Selling Dealer's Address: _____

I/We warrant this title and certify that the vehicle described herein has been transferred on (date) _____ to the following:

Name(s): _____   Address: _____

I/We state that this ☐ 5 or ☐ 6 digit odometer now reads _____ xx (no Tenths) miles, date read _____ and to the best of my knowledge that it **reflects the actual mileage** of the vehicle described herein, unless one of the odometer statement blocks is checked:

CAUTION: DO NOT CHECK BOX IF ACTUAL MILEAGE
☐ 1. I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage **in excess of its mechanical limits.**
☐ 2. I hereby certify that the odometer reading **is not the actual mileage.** WARNING - ODOMETER DISCREPANCY.

Signature of Purchaser: _____   Printed Name of Purchaser: _____

Co-Purchaser: _____   Co-Purchaser: _____

Seller/Agent: _____   Seller/Agent: _____   License Number: _____

Auction Name (When Applicable): _____

**THIRD REASSIGNMENT BY LICENSED DEALER**

Selling Dealer's License No. _____   Dealer's Name _____   Tax No. _____   Tax Collected _____

Selling Dealer's Address: _____

I/We warrant this title and certify that the vehicle described herein has been transferred on (date) _____ to the following:

Name(s): _____   Address: _____

I/We state that this ☐ 5 or ☐ 6 digit odometer now reads _____ xx (no Tenths) miles, date read _____ and to the best of my knowledge that it **reflects the actual mileage** of the vehicle described herein, unless one of the odometer statement blocks is checked:

CAUTION: DO NOT CHECK BOX IF ACTUAL MILEAGE
☐ 1. I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage **in excess of its mechanical limits.**
☐ 2. I hereby certify that the odometer reading **is not the actual mileage.** WARNING - ODOMETER DISCREPANCY.

Signature of Purchaser: _____   Printed Name of Purchaser: _____

Co-Purchaser: _____   Co-Purchaser: _____

Seller/Agent: _____   Seller/Agent: _____   License Number: _____

Auction Name (When Applicable): _____

**APPLICATION FOR TITLE BY PURCHASER**

NOTICE: $10.00 PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE

I make application for a new certificate of title and registration transfer, if applicable, for said motor vehicle or vessel which now has liens as follows: (Date, name and address of each lienholder. If NONE, write NONE). Record additional liens on Form HSMV 82139.   FEID# _____   or   FL/DL# _____   and   Date of Birth _____

Lienholder's Name: _____   Date of Lien: _____

Address _____   State _____   Zip _____

THIS VEHICLE WILL BE USED AS   ☐ TAXICAB   ☐ POLICE CAR   ☐ LEASED   ☐ PRIVATE
☐ I/WE HEREBY CERTIFY THAT THE VEHICLE TO BE TITLED WILL NOT BE OPERATED ON THE PUBLIC HIGHWAYS OF THIS STATE.

I/We state that this ☐ 5 or ☐ 6 digit odometer now reads _____ xx (no Tenths) miles, date read _____ and to the best of my knowledge that it **reflects the actual mileage** of the vehicle described herein, unless one of the odometer statement blocks is checked:

CAUTION: DO NOT CHECK BOX IF ACTUAL MILEAGE
☐ 1. I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage **in excess of its mechanical limits.**
☐ 2. I hereby certify that the odometer reading **is not the actual mileage.** WARNING - ODOMETER DISCREPANCY.

(PRINT/TYPE NAME OF PURCHASER(S) IDENTICALLY AS SIGNED BELOW)   NOTE: When joint ownership, please indicate "or" or "and" between names. If no indication, "and" will be shown.

MAILING ADDRESS _____   CITY _____   STATE _____   ZIP _____

PHYSICAL ADDRESS _____   CITY _____   STATE _____   ZIP _____   License Plate No. _____

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

Signature of 1st Purchaser _____   (First Name, Middle Initial, Last Name)   ☐ FL RESIDENT   ☐ NONRESIDENT   ☐ ALIEN   (Florida DL# or FEID#)   (First Purchaser's Date of Birth)

Signature of Co-Purchaser _____   (First Name, Middle Initial, Last Name)   ☐ FL RESIDENT   ☐ NONRESIDENT   ☐ ALIEN   (Florida DL# or FEID#)   (Second Purchaser's Date of Birth)

# STATE OF FLORIDA
## DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
NEIL KIRKMAN BUILDING - TALLAHASSEE, FL 32399-0610
## APPLICATION FOR CERTIFICATE OF TITLE WITH/WITHOUT REGISTRATION

APPLICATION TYPE: ☐ ORIGINAL XX ☐ TRANSFER   ☐ DECEASED   XX ☐ MOTOR VEHICLE   ☐ MOBILE HOME   ☑ VESSEL

### 1   OWNER / APPLICANT INFORMATION

| Customer Number | Unit Number | Fleet Number |
|---|---|---|
| | | |

☐ OR   ☐ AND   NOTE: When joint ownership, please indicate if "or" is to be shown on title when issued. If neither box is checked, the title will be issued with "and".

| Owner's First Name, Full Middle/Maiden Name, Last Name | Date of Birth | Sex | FL Driver License or FEID Number |
|---|---|---|---|
| GLENDALE OWENS | 02/11/1959 | F | 0520280595510 |

| Co-Owner's First Name, Full Middle/Maiden Name, Last Name | Date of Birth | Sex | FL Driver License or FEID Number |
|---|---|---|---|
| | | | |

| Lessee's First Name, Full Middle/Maiden Name, Last Name | Date of Birth | Sex | FL Driver License or FEID Number |
|---|---|---|---|
| | | | |

| Owner's Mailing Address (Mandatory) | City | State | Zip |
|---|---|---|---|
| 4430 SW 24 ST | HOLLYWOOD | FL | 33023 |

| Co-Owner's or Lessee's Mailing Address (Mandatory) | City | State | Zip |
|---|---|---|---|
| | | | |

| Owner's or Lessee's Street Address in Florida (Mandatory) | City | State | Zip |
|---|---|---|---|
| 4430 SW 24 ST | HOLLYWOOD | FL | 33023 |

| Mail to Customer Name (If Different From Above Owner) | Date of Birth | Sex | FL Driver License or FEID Number |
|---|---|---|---|
| | | | |

| Mail to Customer Address (If Different From Above Mailing Address) | City | State | Zip |
|---|---|---|---|
| | | | |

### 2   MOTOR VEHICLE, MOBILE HOME OR VESSEL DESCRIPTION

| Vehicle/Vessel Identification Number | Make/Manufacturer | Year | Body | Color | Florida Title Number |
|---|---|---|---|---|---|
| 1YVGF22C525283544 | MAZDA | 2002 | 626 | WHITE | |

| Previous State of Issue | License Plate or Vessel Registration Number | Weight | Length | BHP/CC | GVW/LOC | Florida Current Date of Issue |
|---|---|---|---|---|---|---|
| | | | Ft   in. | | | |

| TYPE | HULL MATERIAL | PROPULSION | FUEL | *DRAFT OF VESSEL (The depth of water a vessel draws) |
|---|---|---|---|---|
| ☐ Open Motorboat ☐ Houseboat ☐ Personal Watercraft<br>☐ Cabin Motorboat ☐ Pontoon ☐ Canoe<br>☐ Auxiliary Sailboat ☐ Airboat ☐ Other ___<br>☐ Inflatable ☐ Sailboat   Specify | ☐ Wood ☐ Aluminum<br>☐ Fiberglass ☐ Steel<br>☐ Wood/Fiberglass<br>☐ Other ___ Specify | ☐ Outboard ☐ Sail<br>☐ Inboard ☐ Air Propelled<br>☐ Inboard/Outboard<br>☐ Other ___ Specify | ☐ Gas<br>☐ Diesel<br>☐ Electric<br>☐ Other ___ Specify | FT. ___ IN. ___<br>*For all vessels 26' or more in length and all sailboats |

| USE OF VESSEL | | | | Owner | Co-Owner | PREVIOUS OUT-OF-STATE REGISTRATION NUMBER: |
|---|---|---|---|---|---|---|
| ☐ Recreational (Pleasure) ☐ Commercial Blue Crab ☐ Commercial Stone Crab | | | | | | |
| ☐ Dealer/Manuf. ☐ Commercial Fish ☐ Commercial Live Bait ☐ Commercial Shrimp Recip. | | | | | | |
| ☐ Exempt ☐ Hire (Livery) ☐ Commercial Mackerel ☐ Commercial Shrimp Non-Recip. | Are you a Florida resident? | ☐ Yes ☐ No | ☐ Yes ☐ No | | | |
| ☐ Government ☐ Commercial Sponge ☐ Commercial Oyster ☐ Commercial Spiney Lobster | Are you an alien? | ☐ Yes ☐ No | ☐ Yes ☐ No | | | |
| ☐ Commercial Charter ☐ Commercial Other | | | | | | |

| Previously Federally Documented Vessel, Attach Copy of: | State of Principal Use |
|---|---|
| ☐ U.S. Coast Guard Release From Documentation Form; or ☐ Copy of Canceled Documentation Papers | |

### 3   BRANDS AND USAGE (Check Applicable Boxes)

☐ Vehicle is:   ☐ Vessel is:   ☐ SHORT TERM LEASED   ☐ LONG TERM LEASED   ☐ REBUILT   ☐ POLICE VEHICLE XX   ☐ PRIVATE USE   ☐ TAXI CAB   ☐ FLOOD VEHICLE
☐ ASSEMBLED FROM PARTS   ☐ MANUFACTURER'S BUY BACK   ☐ REPLICA   ☐ COMBINED   ☐ KIT CAR   ☐ GLIDER KIT

### 4   LIENHOLDER INFORMATION

Check if ELT Customer ☐

| Customer # or FEID # or DL# and Sex and Date of Birth | Date of Lien | Lienholder Name |
|---|---|---|
| 16-0998154 | 01/30/03 | MAZDA AMERICAN CREDIT |

| Lienholder Address | City | State | Zip |
|---|---|---|---|
| PO BOX 105614 | ATLANTA | GA | 30348-5449 |

☐ If Lienholder authorizes the Department to send the motor vehicle or mobile home title to the owner, check box and countersign: _____
(Does not apply to Vessels)  If box above is not checked, title will be mailed to the first lienholder.   (Signature of Lienholder's Representative)

### 5   TRANSFER TYPE

IF OWNERSHIP HAS TRANSFERRED, HOW WAS VEHICLE, MOBILE HOME, VESSEL ACQUIRED? XX ☐ SALE ☐ GIFT   ☐ REPOSSESSION   ☐ COURT ORDER
☐ OTHER SPECIFY _____   DATE ACQUIRED 01/30/2003.   ☐ NEW   XX ☐ USED ___

### ODOMETER DECLARATION

WARNING: Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines or imprisonment

I STATE THAT THIS MOTOR VEHICLE'S ☐ 5 DIGIT OR ☐ 6 DIGIT ODOMETER NOW READS ☐☐☐☐☐☐.☐ (no tenths) MILES. DATE READ 01/30/03 AND TO THE BEST OF MY KNOWLEDGE THAT IT REFLECTS THE ACTUAL MILEAGE OF THE VEHICLE DESCRIBED IN THIS DOCUMENT UNLESS ONE OF THE FOLLOWING IS CHECKED

CAUTION:
DO NOT CHECK  1. ☐ I HEREBY CERTIFY THAT, TO THE BEST OF MY KNOWLEDGE, THE ODOMETER READING REFLECTS THE AMOUNT OF MILEAGE IN EXCESS OF ITS
ACTUAL MILEAGE  2. ☐ I HEREBY CERTIFY THAT THE ODOMETER READING IS NOT THE ACTUAL MILEAGE.  WARNING - ODOMETER DISCREPANCY

### DEALER SALES TAX REPORT

| FLORIDA SALES TAX REGISTRATION NUMBER | DATE OF SALE | DEALER LICENSE NUMBER | AMOUNT OF TAX | DEALER |
|---|---|---|---|---|
| 3-08-388692-23 | 01/30/2003 | VF10998 | 975.47 | |

HSMV 82040 (Rev 03/02) S   http://www.hsmv.state.fl.us

COMPOSITE EXHIBIT "D"

**8** **MOTOR VEHICLE IDENTIFICATION NUMBER VERIFICATION**

THIS SECTION REQUIRES A PHYSICAL INSPECTION AND A VERIFICATION OF THE VEHICLE IDENTIFICATION NUMBER (VIN) OF THE MOTOR VEHICLE DESCRIBED ON THIS FORM BY A LICENSED DEALER, FLORIDA NOTARY PUBLIC, POLICE OFFICER, OR FLORIDA DIVISION OF MOTOR VEHICLES EMPLOYEE OR TAX COLLECTOR EMPLOYEE. IF THE VIN IS VERIFIED BY AN OUT OF STATE MOTOR VEHICLE DEALER, THE VERIFICATION MUST BE SUBMITTED ON THEIR LETTERHEAD STATIONERY. COMPLETE THIS SECTION ON ALL USED MOTOR VEHICLES, INCLUDING TRAILERS, (WITH ABBREVIATION OF "TL" WITH A WEIGHT OF 2,000 POUNDS OR MORE) NOT CURRENTLY TITLED IN FLORIDA.

I, the undersigned, certify that I have physically inspected the above described vehicle and find the vehicle identification number to be: _____

(Vehicle Identification Number)

DATE _____ SIGNATURE _____ PRINTED NAME _____

Law Enforcement Officer Or Florida Dealer's Name _____ Badge# or Florida Dealer # _____

DMV/Tax Collector Employee _____ Florida Compliance Examiner/Inspector Badge or ID Number _____

Notary Stamp or Seal

COMMISSIONED NAME OF FLORIDA NOTARY _____ NOTARY'S SIGNATURE _____
(Print, type or Stamp)

**9** **SALES TAX EXEMPTION CERTIFICATION**

THE PURCHASE OF A RECREATIONAL VEHICLE TO BE OFFERED FOR RENT AS LIVING ACCOMMODATIONS DOES NOT QUALIFY FOR EXEMPTION. I CERTIFY THE RECREATIONAL VEHICLE, MOBILE HOME OR VESSEL DESCRIBED HAS BEEN PURCHASED AND IS EXEMPT FROM THE SALES TAX IMPOSED BY CHAPTER 212, FLORIDA STATUTES, BY:

_____
CONSUMER'S CERTIFICATE OF EXEMPTION NUMBER

☐ PURCHASER (STATE AGENCIES, COUNTIES, ETC.) HOLDS VALID EXEMPTION CERTIFICATE

☐ MOTOR VEHICLE  ☐ MOBILE HOME  ☐ VESSEL WILL BE USED EXCLUSIVELY FOR RENTAL _____
SALES TAX REGISTRATION NUMBER

I hereby certify that ownership of the motor vehicle, mobile home or vessel described on this application, is not subject to Florida Sales and Use Tax for the following reason: ☐ INHERITANCE  ☐ GIFT

☐ DIVORCE DECREE  ☐ TRANSFER BETWEEN HUSBAND AND WIFE  ☐ EVEN TRADE OR TRADE DOWN  (State the facts of the even trade or trade down and the transferor information, including the transferor's name and address, below under "Other: Explain.")
☐ OTHER: (EXPLAIN) _____

NOTE: ANY PRESUMPTION, REGARDING THE TAXABILITY OF AIRCRAFT, BOATS, MOBILE HOMES, MOTOR VEHICLES, OR OTHER VEHICLES OF A CLASS OR TYPE REQUIRED TO BE REGISTERED, LICENSED, TITLED OR DOCUMENTED IN THIS STATE OR BY THE UNITED STATES GOVERNMENT, ESTABLISHED BY RULE 12A-1.007, F.A.C., MAY BE REBUTTED ONLY BY CLEAR AND CONVINCING EVIDENCE TO THE CONTRARY. DECLARATIONS AFTER-THE-FACT ARE OF LITTLE VALUE AS EVIDENCE BECAUSE OF THEIR SELF-SERVING NATURE AND WILL BE GIVEN LITTLE WEIGHT.

**10** **REPOSSESSION DECLARATION**

IF CHECKED, THE FOLLOWING CERTIFICATIONS ARE MADE BY THE APPLICANT:
☐ I CERTIFY THAT, (1) THIS MOTOR VEHICLE, MOBILE HOME OR VESSEL WAS REPOSSESSED UPON DEFAULT IN THE TERMS OF THE LIEN INSTRUMENT, (2) FOR MOTOR VEHICLES OR MOBILE HOMES, A CERTIFIED COPY OF WHICH IS ATTACHED TO THIS APPLICATION (3) FOR VESSELS, A PHOTOCOPY OF WHICH IS ATTACHED TO THIS APPLICATION AND (4) THE MOTOR VEHICLE, MOBILE HOME OR VESSEL IS NOW IN MY POSSESSION.

☐ I CERTIFY THAT THE SALES CONTRACT FOR THE IDENTIFIED MOTOR VEHICLE, MOBILE HOME OR VESSEL WAS PURCHASED ON (DATE) _____ FROM _____

**11** **NON-USE AND OTHER CERTIFICATIONS**

IF CHECKED, THE FOLLOWING CERTIFICATIONS ARE MADE BY THE APPLICANT:  ☐ THE VEHICLE IDENTIFIED WILL NOT BE OPERATED ON THE STREETS AND HIGHWAYS OF THIS STATE.

☐ I CERTIFY THAT THE CERTIFICATE OF TITLE IS LOST OR DESTROYED.  ☐ THE VESSEL IDENTIFIED WILL NOT BE OPERATED ON THE WATERS OF THIS STATE.

☐ OTHER: (EXPLAIN) _____

**12** **APPLICATION ATTESTMENT AND SIGNATURES**

I/WE PHYSICALLY INSPECTED THE ODOMETER AND I/WE FURTHER AGREE TO DEFEND THE TITLE AGAINST ALL CLAIMS.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

_____ Date _____        _____ Date _____
SIGNATURE OF APPLICANT (OWNER)                  SIGNATURE OF APPLICANT (CO-OWNER)

**13** **RELEASE OF SPOUSE OR HEIRS INTEREST**

he undersigned person(s), state as follows: That _____ of _____ County, Florida died on the _____ day of

_____ , 20 _____  ☐ testate (with a will)  ☐ intestate (without a will) and left surviving (him/her) the following beneficiaries:

gnature(s) of surviving spouse, co-owner and/or heirs. More than one form HSMV 82040 may be used for additional signatures.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

Print or Type Name of Spouse, Co-owner or Heir(s)        Signature of Spouse, Co-Owner or Heir(s)

_____                                _____
_____                                _____
_____                                _____

t at the time of death the decedent was owner of the motor vehicle, mobile home or vessel described in section 2 of this form. That the estate is not indebted, and the assets of the estate, excluding this tor vehicle, mobile home or vessel are sufficient to pay all just claims and that no probate proceedings have been instituted upon the estate. That the person(s) signing above hereby releases all their right, interest and claim as heirs at law, legatees, devisee, or otherwise to the aforesaid motor vehicle, mobile home or vessel to:

_____
Name of Applicant (Print or Type)

SIDENTS OF FLORIDA AND ALL VESSEL OWNERS, RESIDING IN FLORIDA OR OUT OF STATE, SHOULD SUBMIT THIS FORM AND ALL REQUIRED DOCUMENTATION TO A LOCAL FLORIDA TAX LLECTOR'S OFFICE OR THE FLORIDA TAX COLLECTOR'S OFFICE LOCATED IN THE APPLICANT'S COUNTY OF RESIDENCE FOR PROCESSING.

IV 82040 (Rev 03/02) S                **http://www.hsmv.state.fl.us**

·HSMV 82994 REV. (10/95)S

**STATE OF FLORIDA**
**DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES**
**DIVISION OF MOTOR VEHICLES**
Neil Kirkman Building - Tallahassee, 32399-0500
**MOTOR VEHICLE DEALER TITLE REASSIGNMENT SUPPLEMENT**

(Instructions on Reverse Side)

For use by licensed MOTOR VEHICLE DEALERS, AUCTION DEALERS and THEIR BUYERS ONLY

This reassignment is supplement to: XX ☐  Title No.: 85862993  State of Issue: FL

☐ Manufacturer's Statement or Certificate of Origin

---

## VEHICLE DESCRIPTION

| Vehicle Identification Number | Year | Make | Model | Body |
|---|---|---|---|---|
| 1YVGF22C525283544 | 2002 | MAZDA 626 | 626 | |

---

## REASSIGNMENT INFORMATION

| Name of Selling Dealer (Print) | Dealer License Number | State of License |
|---|---|---|
| MARLIN MAZDA | VF10998 | |

| Street Address | City | State | Zip Code |
|---|---|---|---|
| 20700 N.W. 2ND AVE. | MIAMI | FL | 33169 |

| Sales Tax Collected | Sales Tax Reg. No. (Sales Tax Information is not required on dealer to dealer transactions) |
|---|---|
| $ 975.47 | |

| Buyer's Name(s) | Date of Sale |
|---|---|
| GLENDALE OWENS | 01/30/03 |

| Buyer's Address | City | State | Zip Code |
|---|---|---|---|
| 4430 SW 24 ST | HOLLYWOOD | FL | 33023 |

| Auction Name (If applicable) | Auction License Number | State of License | Date of Auction |
|---|---|---|---|
| | | | |

| Street Address | City | State | Zip Code |
|---|---|---|---|
| | | | |

---

## ODOMETER DISCLOSURE STATEMENT

**WARNING: FEDERAL AND STATE LAW REQUIRE THAT YOU STATE THE ODOMETER MILEAGE IN CONNECTION WITH TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

I STATE THAT THIS MOTOR VEHICLE'S ☐ 5 OR ☐ 6 DIGIT ODOMETER NOW READS ☐☐☐,☐☐☐ .xx (NO TENTHS) MILES.

DATE READ ___ __/___ __/___ , AND TO THE BEST OF MY KNOWLEDGE THAT IT REFLECTS THE ACTUAL MILEAGE OF THE VEHICLE DESCRIBED IN THIS DOCUMENT UNLESS ONE OF THE FOLLOWING IS CHECKED:     1 2 2 0 4

CAUTION: 30 03

DO NOT CHECK IF ACTUAL MILEAGE

☐ 1 IN EXCESS OF ITS MECHANICAL LIMITS, I HEREBY CERTIFY THAT, TO THE BEST OF MY KNOWLEDGE, THE ODOMETER READING REFLECTS THE AMOUNT OF THE MILEAGE IN EXCESS OF ITS MECHANICAL LIMITS.

☐ 2. NOT THE ACTUAL MILEAGE, I HEREBY CERTIFY THAT THE ODOMETER READING IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY.

**SELLER AFFIRMS, UNDER PENALTY OF PERJURY, THAT THE ABOVE FACTS ARE TRUE AND CORRECT TO THE BEST OF HIS KNOWLEDGE**

| Dealer's Agent Printed Name (Selling Dealer) | Dealer's Agent Signature |
|---|---|
| MARLIN MAZDA | |

| Buyer's Signature (1) Acknowledges Receipt of Statement | Buyer's Signature (2) Acknowledges Receipt of Statement |
|---|---|
| Glendale Owens | |

| Buyer's Printed Name (1) Last, First, Full Middle or Maiden | Buyer's Printed Name (2) Last, First, Full Middle or Maiden |
|---|---|
| GLENDALE OWENS | |

| Street Address | City | State | Zip Code |
|---|---|---|---|
| 4430 SW 24 ST | HOLLYWOOD | FL | 33023 |

**NOTICE: ANY ALTERATION OR ERASURE MAY VOID THIS ASSIGNMENT AND ALL ASSIGNMENTS THAT FOLLOW.**

FILE - ORIGINAL WITH TITLE          2nd COPY: DMV          3rd COPY: DEALER RECORD

## WHO IS AUTHORIZED TO COMPLETE THIS FORM?:

Licensed Motor Vehicle Dealers, Auction Dealers and their purchasers.

## WHEN SHOULD THIS FORM BE USED?:

When a licensed Motor Vehicle Dealer is using one of the following types of proof-of-ownership documents to assign ownership interest in motor vehicle, this form must be used:

1. A Manufacturer's Certificate of Origin.
   or
2. A Certificate of Title or other proof-of ownership issued by a state other than Florida.
   or
3. A Florida Certificate of Title issued before April 29, 1990, if no odometer reading is shown or if additional reassignment spaces are needed.
   or
4. A Florida Certificate of Title issued on or after April 29, 1990 if all reassignment spaces on the reverse side have been used.

## WHEN SHOULD THIS FORM NOT BE USED?:

When a licensed Motor Vehicle Dealer is assigning interest in a motor vehicle that:

1. Is ten (10) years old or older.
2. Has a 16,000 pounds or more Gross Vehicle Weight Rating (GVWR).
3. Is not self propelled.

If reassignment form is needed for any of the exempt vehicles listed above, use form HSMV 82091.

## FILING

1. Original HSMV 82994 is to be attached to the Certificate of Title or Manufacturer's Certificate of Origin surrendered with the application for title.

2. Second copy of HSMV 82994 is to be mailed to the Department within 5 business days after the transfer.

3. Third copy of HSMV 82994 is to be retained by the dealer in his records for a period of 5 years.

STATE OF FLORIDA
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
**DIVISION OF MOTOR VEHICLES**
Neil Kirkman Building - Tallahassee, Florida 32399-0500
**POWER OF ATTORNEY FOR A MOTOR VEHICLE, MOBILE HOME OR VESSEL**

Date ___01/30/03___

I hereby name and appoint, _____ , to be my
lawful attorney-in-fact, to act for me, in applying for an original or duplicate certificate of title, to
register, transfer title, or <u>record a lien</u> to the motor vehicle, mobile home or vessel described below,
and to print my name and sign their name on my behalf. My attorney-in-fact can also do all things
necessary to the application or any other related instrument and to bind me in as sufficient a manner
as I myself could do, were I personally present at signing time.
With full power of substitution and revocation, I hereby ratify and confirm whatever my said attorney-
in-fact may lawfully do or cause to be done in the virtue hereof.

**CHECK ONE:**   XX☑ **Motor Vehicle**   ☐ **Mobile Home**   ☐ **Vessel**

| Identification Number | Make/Manufacturer | Year | Title Number |
|---|---|---|---|
| 1YVGF22C525283544 | MAZDA | 2002 | |
| Vessel Registration Number | Model | Body | Wt.-Lgth.-BHP |
| | 626 | 626 | |

**NOTICE TO OWNER: COMPLETE THIS FORM IN ITS ENTIRETY PRIOR TO SIGNING.**

Signature of Owner / Co-owner (Grantor)

_4430 SW 24 ST_
Street Address of Owner / Co-owner (Grantor)

_4430 SW 24 ST   HOLLYWOOD   FL   33023_
City                                          State                          Zip

| Driver License Number | | Date of Birth |
|---|---|---|
| 0520280595510    - 02/11/59 | | |

Sworn to (or affirmed) and subscribed before me this ___30___ day of ___JAN 03___ , _____ .
By: _____
(Name of Person Making Statement)

**(SEAL)**

_____
(Print, Type or Stamp Commissioned Name of Notary)

_____
(Signature of Notary)

Personally Known _____
or Produced Identification _____
Type of Identification Produced _____

Section 328.05, Florida Statutes, and Section 319.33, Florida Statutes, provides that whoever knowingly makes
a false statement in any application or affidavit required under the provisions of such Chapter, or in a bill of
sale or sworn statement of ownership, or otherwise commit a fraud in any application, is guilty of a felony of
the third degree, punishable as provided in s. 775.082, 775.083, and 775.084.

If a power of attorney is used and the individual appointed as the attorney-in-fact will be completing the
odometer disclosure statement as transferor only or transferee only, this non-secure power of attorney form
may be used. The non-secure power of attorney (HSMV 82053) can be given to any third party to act for the
seller or buyer, except that it cannot be used to allow an individual or entity to sign as both buyer and seller
confirming the federal odometer reading. This can be accomplished only with the secure power of attorney
(HSMV 82995) when:

(a)    the title is physically being held by the lienholder; or
(b)    the title is lost

CAUTION: A seller cannot give a dealer or his employee a non-secure power of attorney (HSMV 82053)
and have him or one of his employees sign a federal odometer statement, confirming the mileage for both
buyer and seller, as a dealer and his employees are considered a single entity.
**(MERGED WITH FORM HSMV 87005)**
HSMV 82053 (REV. 6/99) S

HSMV 82993 (REV. 7/97) S

**STATE OF FLORIDA**
**DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES**
**DIVISION OF MOTOR VEHICLES**
Neil Kirkman Building • Tallahassee, Florida 32399-0500

# SEPARATE ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGEMENT
(Instructions on Reverse Side)

### VEHICLE DESCRIPTION

| Vehicle Identification Number | Year | Make | Color | Body | Title No. |
|---|---|---|---|---|---|
| 1YVGF22C525283544 | 2002 | MAZDA | WHITE | 626 | |

### ODOMETER DISCLOSURE STATEMENT

WARNING: Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I/WE MARLIN MAZDA STATE THAT THIS MOTOR VEHICLE'S ☐ 5 DIGIT OR ☐ 6 DIGIT ODOMETER NOW
(Print Transferor's Name) (Seller)

READS | 1 | 2 | , | 2 | 0 | 4 | . XX (NO TENTHS) MILES, DATE READ 01 / 30 / 03 , AND TO THE BEST OF MY KNOWLEDGE THAT IT REFLECTS THE **ACTUAL MILEAGE** OF THE VEHICLE DESCRIBED ON THIS DOCUMENT **UNLESS ONE OF THE FOLLOWING IS CHECKED:**

C A U T I O N : ☐ **IN EXCESS OF ITS MECHANICAL LIMITS.** I HEREBY CERTIFY THAT, TO THE BEST OF MY KNOWLEDGE, THE ODOMETER
DO NOT CHECK      READING REFLECTS THE AMOUNT OF MILEAGE **IN EXCESS OF ITS MECHANICAL LIMITS.**

IF ACTUAL ☐ **IS NOT THE ACTUAL MILEAGE.** I HEREBY CERTIFY THAT THE ODOMETER READING **IS NOT THE ACTUAL MILEAGE.**
MILEAGE      **WARNING - ODOMETER DISCREPANCY**
UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

| (Transferor's Signature) (Seller) | (Transferor's Hand Printed Name) | (Transferee's Signature) (Buyer) | (Transferee's Hand Printed Name) |
|---|---|---|---|
| 20700 N.W. 2ND AVE. | | 4430 SW 24 ST | |

(Transferor's Street Address)                              (Transferee's Street Address)

MIAMI FL 33169                                      HOLLYWOOD FL 33023

(City)                    (State)    (Zip)              (City)                    (State)    (Zip)